UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VENESSA FERN BASTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) | 
| WARDEN JEWEL STEELE, ET AL., | ) ) |
| Defendants. | ) |

3 09 0447

No. 3:09mc0099
Judge Trauger

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Tennessee Prison for Women (TPW) in Nashville. She brings this action under 42 U.S.C. § 1983 against Jewel Steele, Warden at TPW, and Donna K. White, Tennessee Department of Correction (TDOC). The plaintiff seeks money damages and injunctive relief, alleging that the defendants violated her rights under the Eighth Amendment.

The complaint pertains to medical care that the plaintiff has received at TPW since April 2006. The plaintiff alleges that she received inconsistent, improper, and inadequate health care during that period. (Docket Entry No. 1, ¶ IV, pp. 4-5)

To state a claim under § 1983, the plaintiff must allege and show: 1) that she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To establish a violation of her constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to her serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n.5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment denial of medical care claim has both an objective and subjective component. The objective component requires that the plaintiff's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the defendants were deliberately indifferent to the

2

plaintiff's medical needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735.

Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that her health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Although the plaintiff names Warden Steele as a defendant to this action, she does not mention Warden Steele anywhere in the statement of the claim. By not alleging and showing what Warden Steele did, or did not do, that violated her rights, the plaintiff fails to satisfy the first half of the two-part test under *Parratt*, *supra* at p. 1. Consequently, the plaintiff fails to make a *prima facie* showing that Warden Steele is liable under § 1983.

Next, the plaintiff asserts that defendant White is "a non-medical official interfering with treatment that [her] doctor has ordered." (Docket Entry No. 1, ¶ IV, p. 5) The plaintiff alleges specifically that defendant White would not permit her to receive a skin graft, would not allow her to see a neurologist, and denied her medication. (Docket Entry No. 1, ¶ IV, p. 5)

Regarding the skin graft, it appears that the plaintiff suffered a burn. However, the plaintiff provides no facts from which it may be construed that the burn was of such a nature that failure to

3

permit her to have a skin graft amounts to a violation of her rights under the Eighth Amendment.[1] The plaintiff merely argues that, because another inmate at TPW was permitted to have a breast reduction and her toenails removed, she should be permitted to have a skin graft. (Docket Entry No. 1, ¶ IV, p. 5) Given the absence of any facts, the plaintiff fails to establish that her medical need was serious, that her health suffered, or that defendant White's decision not to permit her to have a skin graft amounted to deliberate indifference.

The plaintiff asserts next that defendant White prevented her from seeing a neurologist. (Docket Entry No. 1, ¶ IV, p. 5) Elsewhere in the statement of the claim, however, the plaintiff asserts that she has been seen by a neurosurgeon. (Docket Entry No. 1, ¶ IV, p. 5) It appears from the foregoing that the plaintiff is complaining about the adequacy of the care provided. As previously established, a prisoner-plaintiff's difference of opinion regarding the adequacy of medical treatment does not rise to the level of an Eighth Amendment violation.[2]

Finally, the plaintiff alleges that defendant White denied her medication. (Docket Entry No. 1, ¶ IV, p. 5) The complaint is devoid of any facts that support this claim against defendant White.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare

---

[1] Although the plaintiff asserts that "the skin is tearing" (Docket Entry No. 1, ¶ IV, p. 5), she relates/equates her desire to have a skin graft solely to the fact that another inmate at TPW had a breast reduction and her toenails removed. (Docket Entry No. 1, ¶ IV, pp. 4-5) The complaint is devoid of any facts from which it can be inferred that the alleged "tearing" amounted to a serious medical condition, that it caused her health to suffer, or that a skin graft was necessary for her recovery or good health.

[2] The plaintiff also asserts that, although she has been examined by a neurosurgeon, she still needs to have an MRI. The plaintiff does not allege, nor can it be liberally construed from the complaint, that defendant White has prevented her from having an MRI.

4

assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells*, 891 F.2d at 594. Because the plaintiff provides no facts to support this claim, the claim is conclusory and, as such, it is subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

As reasoned herein, the complaint lacks an arguable basis in law or fact. Accordingly, the complaint will be dismissed as frivolous.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge

5